UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
:
THE NATIONAL PENSION PLAN OF THE :
UNITE HERE WORKERS PENSION :
FUND, JOHN M. AGNELLO, NOEL :
BEASLEY, HAROLD L. BOCK, JAMES R. :
BRUBAKER, BRIAN CURTIS, AGNELO : MEMORANDUM
DACOSTA, LOUIS D'AMICO, BRUCE A. : OPINION AND
DUNTON, JOHN FOWLER, JOHN GILLIS, : ORDER
BRIAN MCGRATH, WARREN PEPICELLI, :
KENNETH PIEHL, JEANNE D. PRATT, : 05 Civ. 6819 (SAS)
BRUCE RAYNOR, HARRIS RAYNOR, :
HENRY A. SCHEYER, JR., GEORGE W. :
SHUSTER, and LYNN F. TALBOTT, as :
Trustees of the UNITE HERE Workers :
Fund, :
:
            Plaintiffs, :
:
    - against - :
:
SWAN FINISHING COMPANY, INC., 3G :
REALTY L.P., JOHN DOES 1-10 (all trades :
or businesses under common control with :
Swan Finishing Company, Inc.), :
:
            Defendants. :
------------------------------------X



SHIRA A. SCHEINDLIN, U.S.D.J.:

I.   INTRODUCTION

    The National Pension Plan of the UNITE HERE Workers Pension

Fund (the "Fund") and the Trustees of the Fund (collectively, "plaintiffs") bring

-1-

this action under sections 502(a)(3) and 4301(a) of the Employee Retirement Income Security Act ("ERISA")[1] to enforce the provisions of an employee benefit plan to collect the withdrawal liability of Swan Finishing Corp. ("Swan"). Defendant 3G Realty Limited Partnership ("3G Realty")[2] now moves to dismiss the Complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure and to compel arbitration.

## II. APPLICABLE LAW

### A. Rule 12(b)(1)

"After '[c]onstruing all ambiguities and drawing all inferences' in a plaintiff's favor, a district court may properly dismiss a case for lack of subject matter jurisdiction under Rule 12(b)(1) if it 'lacks the statutory or constitutional power to adjudicate it.'"[3] Under ERISA, an employer who withdraws from a multiemployer pension plan may be assessed withdrawal liability for its proportionate share of the plan's unfunded vested benefits.[4] As a prerequisite to

---

[1] 29 U.S.C. §§ 1132(a)(3), 1451(a).

[2] The Complaint alleges that 3G Realty "is a trade or business under common control with Swan." Complaint ¶ 10.

[3] *Aurecchione v. Schoolman Transp. System, Inc.*, 426 F.3d 635, 638 (2d Cir. 2005) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)).

[4] *See* 29 U.S.C. §§ 1381-1405.

-2-

commencing an action for withdrawal liability, the plan sponsor must provide notice to the employer of the amount of its withdrawal liability and the schedule for payments.[5] The notice requirement is not "'a strict deadline for notifying employers of their withdrawal liability'" and does not act "as a time bar to collection of withdrawal liability."[6] The purpose of the notice requirement is to give the employer "an opportunity to contest the determination and, if necessary, seek arbitration."[7]

**B. Arbitrability**

ERISA requires resolution of "any dispute between the employer and the plan sponsor . . . concerning a determination made under sections 1381 through 1399 [governing employer withdrawals] through arbitration."[8] The

---

[5] *See* 29 U.S.C. § 1399(b)(1); *Canario v. Lidelco, Inc.*, 782 F. Supp. 749, 753 (E.D.N.Y. 1992) (citing *Trustees of Chicago Truck Drivers, Helpers and Warehouse Workers Union (Independent) Pension Fund v. Central Transport, Inc.*, 888 F.2d 1161, 1163 (7th Cir. 1989); *Teamsters Pension Trust Fund Bd. of Trustees of Western Conference v. Allyn Transp. Co.*, 832 F.2d 502, 506 (9th Cir. 1987); *Debreceni v. George Lamoureux & Co.*, 629 F. Supp. 598, 601 (D. Mass. 1986)).

[6] *ILGWU Nat'l Retirement Fund v. Levy Bros. Frocks, Inc.*, 846 F.2d 879, 887 (2d Cir. 1988) (quoting *I.A.M. National Pension Fund v. Cullman Indus., Inc.*, 640 F. Supp. 1284, 1288 (D. D.C. 1986)).

[7] *Canario*, 782 F. Supp. at 753.

[8] 29 U.S.C. § 1401(a)(1). *See Levy Bros. Frocks*, 846 F.2d at 881 (the "duty to arbitrate . . . arises under MPPAA and is based upon Congress' express

Second Circuit has held that this provision requires that "'any dispute' concerning the *notice or amount* of withdrawal liability 'shall be resolved through arbitration.'"[9]

An employer who fails to challenge the amount of withdrawal liability within the statute's deadlines is deemed to have defaulted and waived any challenge to the plan sponsor's determination.[10] The deadlines are triggered when the plan sponsor gives notice to the employer.[11] Under the statute's "pay-first-question-later system," withdrawal liabilty is payable in accordance with the plan sponsor's schedule, notwithstanding the pendency of any demand for

---

desire to have disputes concerning withdrawal liability resolved through arbitration").

[9] *Bowers v. Transportacion Maritima Mexicana, S.A.*, 901 F.2d 258, 261 (2d Cir. 1990) (emphasis added). *Accord I.L.G.W.U. Nat. Retirement Fund v. Meredith Grey, Inc.*, 986 F. Supp. 816, 825 (S.D.N.Y. 1997) ("all issues of fact concerning notice or the amount of liability are for an arbitrator").

[10] *See Levy Bros. Frocks*, 846 F.2d at 887; 29 U.S.C. § 1401(b)(1) ("If no arbitration proceeding has been initiated pursuant to subsection (a) of this section, the amounts demanded by the plan sponsor under section 1399(b)(1) [pertaining to the plan sponsor's determination of withdrawal liability] of this title shall be due and owing on the schedule set forth by the plan sponsor. The plan sponsor may bring an action in a State or Federal court of competent jurisdiction for collection."); *id.* § 1399(c)(5) ("In the event of a default, a plan sponsor may require immediate payment of the outstanding amount of an employer's withdrawal liability, plus accrued interest on the total outstanding liability from the due date of the first payment which was not timely made.").

[11] *See* 29 U.S.C. §§ 1399(b)(1), 1401(a)(1).

review or arbitration proceeding.[12] Adjustments to the amount of withdrawal liability can "occur after the arbitrator's final decision."[13]

## III. DISCUSSION

### A. Subject Matter Jurisdiction

3G Realty argues that this Court lacks subject matter jurisdiction because the Fund did not provide effective notice of its withdrawal liability determination. But 3G Realty concedes that it received actual notice of the Fund's withdrawal liability determination when it received the Complaint in this action on or about September 7, 2005.[14] Therefore, 3G Realty's motion to dismiss for lack of subject matter jurisdiction is denied.

### B. Arbitrability

3G Realty argues that both ERISA and the governing agreement

---

[12] *New York State Teamsters Conference Pension and Retirement Fund ex rel. Bulgaro v. Doren Ave. Assoc., Inc.*, 321 F. Supp. 2d 435, 440-41 (N.D.N.Y. 2004), *aff'd*, 426 F.3d 640 (2d Cir. 2005) (citing 29 U.S.C. §§ 1399(c)(2), 1401(d)). *Accord Bowers*, 901 F.2d at 263; *Levy Bros. Frocks*, 846 F.2d at 881.

[13] *Levy Bros. Frocks*, 846 F.2d at 881.

[14] *See* Memorandum of Law of Defendant 3G Realty Limited Partnership in Support of Its Motion to Dismiss and to Compel Arbitration ("Def. Mem.") at 10.

-5-

require arbitration of all disputes relating to withdrawal liability.[15] Plaintiffs do not dispute that ERISA and the governing agreement mandate arbitration.[16] Plaintiffs argue instead that 3G Realty is precluded from challenging the Fund's determination of withdrawal liability because it received effective notice of the Fund's determination at some time prior to September 7, 2005, but did not request review or arbitration within the time period proscribed by the statute.[17] Plaintiffs have defended their position in arbitration, but refused to provide documentation supporting their determination of Swan's withdrawal liability.[18] The arbitrator has elected not to resolve any issue until this Court decides 3G Realty's motion.[19]

The parties' dispute over the date on which Swan received effective notice is an issue that must be resolved through arbitration.[20] Therefore, plaintiffs must arbitrate the issues of whether 3G Realty waived its right to contest the Fund's determination of its withdrawal liability by failing to make a timely

---

[15] *See id.* at 11.

[16] *See* Plaintiff's Memorandum of Law in Opposition to Defendant 3G Realty L.P.'s Motion to Dismiss and Compel Arbitration ("Pl. Mem.") at 11-12.

[17] *See id.*

[18] *See* Def. Mem. at 8-9.

[19] *See id.* at 9.

[20] *See Bowers,* 901 F.2d at 261; *Meredith Grey,* 986 F. Supp. at 825.

challenge; and, if not, whether the Fund's determination of that amount is justified. In addition, 3G Realty is ordered to show cause why plaintiffs are not entitled to the relief requested in their complaint under ERISA's pay-first-question-later provisions, nothwitstanding the pendency of arbitration.[21]

## IV. CONCLUSION

For the foregoing reasons, 3G Realty's motion to dismiss the complaint for lack of subject matter jurisdiction is denied, and the motion to compel arbitration is granted. The Clerk of the Court is directed to close this motion (Docket No. 10). 3G Realty is ordered to show cause by February 17, 2006 at 5:00 p.m why plaintiffs are not entitled to the relief requested in the Complaint.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:   New York, New York
         February 9, 2006

---

[21] See 29 U.S.C. §§ 1399(c)(2), 1401(d); *New York State Teamsters Conference Pension and Retirement Fund ex rel. Bulgaro*, 321 F. Supp. 2d at 440-41; *Bowers*, 901 F.2d at 263; *Levy Bros. Frocks*, 846 F.2d at 881.

## - Appearances -

*For Plaintiffs:*

Julia Spivack, Esq.
Ronald E. Richman, Esq.
SCHULTE ROTH & ZABEL LLP
919 Third Avenue
New York, New York 10022
(212) 756-2375

*For Defendant 3G Realty:*

Neil A. Capobianco, Esq.
Elizabeth D. Bernard, Esq.
GREENBERG TRAURIG, LLP
200 Park Avenue
New York, New York 10166
(212) 801-9200